ARTIANO SHINOFF
Daniel R. Shinoff (SBN 99129)
dshinoff@as7law.com
Amir Azimzadeh, Esq. (SBN 292474)
aazimzadeh@as7law.com
2488 Historic Decatur Road, Suite 200
San Diego, California 92106
Telephone: 619-232-3122
Facsimile: 619-232-3264

LAW OFFICES OF SHELDON A. OSTROFF
Sheldon A. Ostroff, Esq. (SBN 108510)
sostroff@as7law.com
2488 Historic Decatur Road, Suite 200
San Diego, California 92106
Telephone: 619-232-3122
Facsimile: 619-232-3264

Attorneys for Plaintiff Jacob McKean

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jacob McKean, individually, on behalf of himself and all others similarly situated; <br><br> Plaintiff, <br><br> v. <br><br> ABC Financial Services, Inc. a Arkansas corporation; The Arena Martial Arts, a business entity form unknown; <br><br> Defendants. | Case No.: **'18CV0923 WQHRBB** <br> Judge: <br><br> **CLASS ACTION COMPLAINT FOR:** <br><br> **(1) Violation of California Civil Code sections 1812.80, *et seq.*;** <br> **(2) Violations of the California Consumers Legal Remedies Act Civil Code sections 1750, *et seq.*; and** <br> **(3) Violations of California Business and Professions Code sections 17200, *et seq.*** |

Jacob McKean, individually, on behalf of himself and all others similarly situated hereby complains and alleges on information and belief as follows:

## PARTIES

1. PLAINTIFF, Jacob McKean ("PLAINTIFF") is, and at all times relevant hereto was, an individual residing within the County of San Diego, State of California. PLAINTIFF is a "person" as defined by California Business & Professions Code section 17201.

1

**CLASS ACTION COMPLAINT**

2.     ABC Financial Services, Inc. ("ABC FINANCIAL") is an Arkansas corporation doing business throughout the State of California, including the Southern District of California. ABC FINANCIAL is among the nation's leading payment and membership processing providers for the health and fitness industry, health studios, and its customers. ABC FINANCIAL is a party to Health Studio Membership Agreements ("HSMA" or "HSMAs") between Health Studios and customers of Health Studios, as such terms are defined in California Civil Code ("Civil Code") sections 1812.80, *et seq*.

3.     The Arena Martial Arts ("ARENA") is a business entity form unknown, doing business in State of California, including San Diego County. ARENA owns and operates a health, fitness, and training studio where it provides fitness training to the public pursuant to a uniform membership agreement for a fee. ARENA is a Health Studio within the meaning of Civil Code sections 1812.80, *et seq*.

4.     This action is filed on behalf of PLAINTIFF, individually, and on behalf of all members of the Class defined in paragraphs 17 below under the provisions of Class Action Fairness Act, 28 U.S.C. section 1332(d)(1)(B), which provides, inter alia, that "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." This action is properly filed and maintained as a class action for the reasons set forth below.

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction over all claims in this action under 28 U.S.C. section 1332(d). This is a putative class action in which: (1) there are 100 or more members in the proposed Class as defined in paragraph 17 below; (2) at least some members of the proposed Class as defined in paragraph 17 below have a different citizenship from ABC FINANCIAL; and (3) the claims of the proposed Class as defined in paragraph 17 below exceed $5,000,000.00 in the aggregate.

6.     This Court has personal jurisdiction over DEFENDANTS because they are authorized to do business and conduct business in the Southern District of California,

where they own and operate fitness and training studios and where they provide payment-processing services for Health Studios, the health and fitness industry, and their members.

7. Venue is proper in the Southern District of California pursuant to 29 U.S.C. section 1391 (b), because a substantial part of the events giving rise to the claims occurred in the Southern District of California.

## GENERAL ALLEGATIONS

8. PLAINTIFF, and all similarly situated class members, are current and former consumers who entered into a HSMA with ABC FINANCIAL and a Health Studio in California, including, but not limited to, ARENA. HSMAs are "contract[s] for health studio services" as defined by Civil Code section 1812.81.

9. The HSMAs offered by ABC FINANCIAL and a Health Studio to consumers as alleged hereinabove are unlawful because such HSMAs fail to comply with the California Health Studio Services Contract Law in the following ways:

   a. Contrary to Civil Code section 1812.84(a), the HSMAs contain payment and/or financing conditions that exceed the term of the HSMAs by including provisions that automatically "roll over to open-ended/month-to-month" the HSMAs at the end of the initial term of such agreements. The failure to comply with this provision renders all such HSMAs void and unenforceable as contrary to public policy under California Civil Code section 1812.91.

   b. Contrary to Civil Code section 1812.84(a), the HSMAs contain payment and/or financing conditions that exceed the term of the HSMAs and compel the payment of a cancellation fee and termination notice in order to cancel the "automatic" month-to-month renewal contained in the HSMAs. The failure to comply with this provision renders all such HSMAs void and unenforceable as contrary to public policy under Civil Code section 1812.91.

   c. Contrary to Civil Code section 1812.84(b), the HSMAs do not provide or contain "a statement printed in a size at least 14-point type or presented

in an equally legible electronic format that discloses the initial or minimum length of the term of the contract." The failure to comply with this provision renders all such HSMAs void and unenforceable as contrary to public policy under Civil Code section 1812.91.

   d. Contrary to Civil Code section 1812.84(c), the HSMAs do not permit cancellation "by the buyer in person, via email from an email address on file with the health studio, or via first-class mail." The failure to comply with this provision renders all such HSMAs void and unenforceable as contrary to public policy under Civil Code section 1812.91.

   e. Contrary to Civil Code section 1812.85, the HSMAs do not contain a provision that provides the requisite rescission period for HSMAs that contain membership payment provisions exceeding One Thousand Five Hundred Dollars ($1,500.00), inclusive, of initiation fees or initial membership fees, by the person receiving the services or the use of the facility. The failure to comply with this provision renders all such HSMAs void and unenforceable as contrary to public policy under Civil Code section 1812.91.

  10. The HSMAs also contain provisions that are deceptive, unconscionable and/or contrary to the public policy as expressed in Civil Code section 1812.80. In enacting the Contracts of Health Studio Services Law (Civil Code section 1812.80(b):

> The Legislature declares that the purpose of this title is to safeguard the public against fraud, deceit, imposition and financial hardship, and to foster and encourage competition, fair dealing, and prosperity in the field of health studio services by prohibiting or restricting false or misleading advertising, onerous contract terms, harmful financial practices, and other unfair, dishonest, deceptive, destructive, unscrupulous, fraudulent, and discriminatory practices by which the public has been injured in connection with contracts for health studio services.

///
///
///
///

4

**CLASS ACTION COMPLAINT**

## SPECIFIC FACTUAL ALLEGATIONS

11.  PLAINTIFF entered into a HSMA with ABC FINANCIAL and ARENA on or about July 6, 2015, in San Diego, California.

12.  PLAINTIFF'S HSMA was for a term of twenty-four (24) months, from August 6, 2015, through August 6, 2017. PLAINTIFF was required to make monthly payments of $99.00, beginning on August 6, 2015. The total price of PLAINTIFF'S HSMA was $2,424.00. PLAINTIFF made monthly payments of $99.00 through the twenty-four (24) month term of the HSMA. PLAINTIFF made all payments required to be made during the term of his HSMA with ABC FINANCIAL and ARENA.

13.  PLAINTIFF'S HSMA included a provision that provided that the HSMA would automatically "roll over to open-ended/month-to-month" at the end of the initial twenty-four (24) month term. PLAINTIFF'S HSMA did not include "a statement printed in a size at least 14-point type or presented in an equally legible electronic format that discloses the initial or minimum length of the term of the contract." PLAINTIFF'S HSMA also specified that the only method of delivery of notice of cancellation was via certified mail.

14.  On or about September 2017, ABC FINANCIAL informed PLAINTIFF in writing that his HSMA had automatically renewed into a month-to-month membership. ABC FINANCIAL further informed PLAINTIFF that he was required to pay a $50.00 cancellation fee and provide thirty (30) days written notice by certified mail as conditions in order to cancel his month-to-month HSMA.

15.  DEFENDANTS continued to charge PLAINTIFF the $99.00 monthly membership fees and late fees past August 6, 2017. Despite PLAINTIFF disputing the legality of the HSMA and these charges, DEFENDANTS referred the outstanding unlawful charges to a debt collection agency, negatively affecting PLAINTIFF'S credit rating. PLAINTIFF remitted the demanded payment. As a result, PLAINTIFF lost money and suffered damage in fact.

///

## CLASS ACTION ALLEGATIONS

16.     PLAINTIFF brings this class action on behalf of himself and the members of the proposed Class as defined in paragraph 17 below pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

17.     The proposed Class consists of all current and former Health Studio consumers who entered into a HSMA with ABC FINANCIAL and a Health Studio in California, including, but not limited to, ARENA, during the four (4) years preceding the filing of this Complaint, up to and through the date of entry of certification order (the "Class Period").

18.     Numerosity.  The members of the proposed Class as defined in paragraph 17 are so numerous that joinder of all members is impracticable. Based on information and belief, thousands of individuals have signed a HSMA in California, during the Class Period.

19.     Commonality and Predominance. The DEFENDANTS' unlawful acts, deceptive and unfair business practices have affected all members of the Class in a similar manner, as described herein. Among the questions of law and fact common to the Class Members are:

    a.     Whether the HSMAs violate California law by failing to contain specific language required under Civil Code sections 1812.84 and 1812.85, entitling the Class to treat the HSMAs as void and unenforceable as contrary to public policy.

    b.     Whether ABC FINANCIAL and/or ARENA have violated California law, including California's Unfair Competition laws (Business & Professions Code sections 17200, *et seq.*) by engaging in and unlawful, deceptive and/or the unfair business practice(s) described herein.

    c.     Whether ABC FINANCIAL and ARENA's policies and practices, as described herein, constitute intentional or reckless violations of California law, entitling PLAINTIFF and the Class Members to punitive or exemplary damages,

and/or treble damages.

20.     Typicality. PLAINTIFF'S claims are typical of those of the Class he seeks to represent because PLAINTIFF and all members of the Class were injured and/or continue to be injured in the same or similar manner by DEFENDANTS' illegal acts and practices, and other wrongful conduct complained of herein. The names, addresses, and damages of each of the Class Members are available from DEFENDANTS' records and are therefore known to DEFENDANTS.

21.     Adequacy. PLAINTIFF will fairly and adequately protect the interests of the Class Members. PLAINTIFF is an adequate representative of the members of the Class and has no interest which are adverse to the interests of absent Class Members. PLAINTIFF has retained counsel who have substantial experience and success in the prosecution of complex class action and consumer protection litigation.

22.     Superiority. A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all Class Members is impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous actions would engender.  Furthermore, the expenses and burden of individual litigants and the lack of knowledge of Class Members regarding DEFENDANTS' activities, would make it difficult or impossible for individual Class Members to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. The litigation of Class Member claims will be manageable.

/ / /

/ / /

/ / /

/ / /

# FIRST CAUSE OF ACTION

Against All Defendants

Unlawful Contracts in Violation of Civil Code sections 1812.80, *et seq.*

(By Plaintiff on behalf of himself and all Class Members)

23. PLAINTIFF and the Class Members hereby reallege and incorporate by reference all paragraphs above as though fully set forth in detail herein.

24. DEFENDANTS' HSMAs violate California's Contracts for Health Studio Services Law and are void and unenforceable as contrary to public policy under Civil Code Section 1812.91.

25. DEFENDANTS have knowingly provided substantial assistance or encouragement to one another, among others, with the specific intent of aiding, abetting, and facilitating a pattern of unlawful conduct in violation of California's Contracts for Health Studio Services Law.

26. Contrary to Civil Code section 1812.84(a), the HSMAs require payments or financing that exceed the term of the contract by including provisions that automatically roll over to open-ended/month-to-month term. Such a provision is either designed to confuse customers, or was done recklessly, and has the effect of confusing customers, as to the length of their HSMA. The failure to comply with this provision renders all such HSMAs void and unenforceable as contrary to public policy under Civil Code section 1812.91.

27. Contrary to Civil Code section 1812.84(a), the HSMAs require payments or financing that exceed the term of the contract by compelling the payment of a cancellation fee and termination notice of thirty (30) days to cancel the automatic renewal. The failure to comply with this provision renders all such HSMAs void and unenforceable as contrary to public policy under Civil Code section 1812.91.

28. Contrary to Civil Code section 1812.84(b), the HSMAs does not include "a statement printed in a size at least 14-point type or presented in an equally legible electronic format that discloses the initial or minimum length of the term of the

contract." The failure to comply with this provision renders all such CMA and FSA void and unenforceable as contrary to public policy under Civil Code section 1812.91.

29. Contrary to Civil Code section 1812.84(c), the HSMA do not permit cancellation "by the buyer in person, via email from an email address on file with the health studio, or via first-class mail." The failure to comply with this provision renders all such HSMAs void and unenforceable as contrary to public policy under Civil Code section1812.91.

30. Contrary to Civil Code section 1812.85, the HSMAs do not provide the requisite rescission period for agreements requiring payments exceeding One Thousand Five Hundred Dollars ($1,500.00), inclusive, including initiation fees or initial membership fees, by the person receiving the services or the use of the facility. The failure to comply with this provision renders all such HSMAs void and unenforceable as contrary to public policy under Civil Code section 1812.91.

31. Class Members who are current HSMAs holders, are entitled to treat their HSMAs as void under Civil Code Section 1812.91 and to obtain equitable relief requiring DEFENDANTS to bring their HSMAs into compliance with California law to avoid any further confusion among current HSMAs holders.

32. Class Members who are former HSMA holders, are entitled to treat their HMSA agreements as void under Civil Code section 1812.91 and to obtain equitable relief requiring, inter alia, DEFENDANTS to make restitution to them for prior acts in violation of California law.

33. PLAINTIFF and the entire Class have suffered injury in fact and have sustained damages as a result of DEFENDANTS' unlawful conduct. PLAINTIFF and the Class Members have sustained actual monetary damages based on DEFENDANTS' imposition of unconscionable contract terms. PLAINTIFF and the entire Class have been subjected to unconscionable contract terms that have in fact injured them, and/or that will injure them absent judicial relief.

///

34. PLAINTIFF and the entire Class are entitled to, and do hereby seek, an order declaring DEFENDANTS' HSMAs void as contrary to California law and public policy, and to restitution of all monies wrongfully obtained by DEFENDANTS through these illegal contracts, and to punitive or exemplary damages and/or treble damages. DEFENDANTS' illegal conduct as described herein was done and continues to be done with oppression, fraud and/or malice against PLAINTIFF and the Class Members.

WHEREFORE, PLAINTIFF and the Class pray for judgment as set forth below.

## SECOND CAUSE OF ACTION

Against All Defendants

Violations of the California Consumers Legal Remedies Act, Civil Code sections 1750, *et seq*.

(By Plaintiff on behalf of himself and all Class Members)

35. PLAINTIFF hereby realleges and incorporates by reference all paragraphs above as though fully set forth in detail herein.

36. California's Consumers Legal Remedies Act provides that a consumer class action may be maintained against a DEFENDANT based on the inclusion within a consumer contract, such as the HSMAs, of an unconscionable provision. (Civil Code sections 1770(a)(14) and (19).)

37. DEFENDANTS have knowingly provided substantial assistance or encouragement to one another, among others, with the specific intent of aiding and abetting and facilitating a pattern of unlawful conduct in violation of California Consumers Legal Remedies Act Civil Code sections 1750, *et seq*.

38. As alleged herein, DEFENDANTS have included unconscionable provisions that have affected thousands of customers. As alleged herein, this action meets all of the necessary criteria for the maintenance of consumer class action against DEFENDANTS.

39. Through this action, PLAINTIFF and the Class seek to maintain this case as a consumer class action against DEFENDANTS and seek restitution of monies

AS7 Law San Diego/002049/000001/PL/S0394096.DOCX

ARTIANO SHINOFF

wrongfully withheld from the Class by DEFENDANTS, together with equitable relief rescinding DEFENDANTS' illegal HSMA and prohibiting DEFENDANTS from engaging in the illegal conduct described herein.

40.   PLAINTIFF and the Class do not seek damages under these claims and, therefore, are not required to provide notice to DEFENDANTS under Civil Code section 1782, and have not done so.

WHEREFORE, PLAINTIFF and the Class pray for judgment as set forth below.

### THIRD CAUSE OF ACTION

Against All Defendants

Violations of California Business and Professions Code sections 17200, *et seq.*

(By Plaintiff on behalf of himself and all Class Members)

41.   PLAINTIFF hereby realleges and incorporates by reference all paragraphs above as though fully set forth in detail herein.

42.   PLAINTIFF further brings this action pursuant to the Business and Professions Code sections 17200, *et seq.*, seeking restitution of money wrongfully obtained by DEFENDANTS as a result of the acts herein alleged and further seeks injunctive relief to enjoin DEFENDANTS' illegal practices, as described herein.

43.   DEFENDANTS have knowingly provided substantial assistance or encouragement to one another, among others, with the specific intent of aiding and abetting and facilitating a pattern of unlawful conduct in violation of California Business and Professions Code sections 17200, *et seq.*

44.   The Unfair Competition Law prohibits all unfair competition, which is defined as "any unlawful, unfair or fraudulent business act or practice." PLAINTIFF and the class Members have standing to bring this claim because they are direct victims of DEFENDANTS' illegal, deceptive and unfair business practices, which DEFENDANTS engaged in for their sole financial benefit.

45.   DEFENDANTS' conduct is unlawful because, as alleged herein, the HSMAs violate California's Contracts for Health Studio Services law and are void and

1  unenforceable as contrary to public policy under Civil Code section 1812.91.

2  46.  DEFENDANTS' conduct is deceptive because the HSMAs contain provisions designed to confuse or mislead consumers of their rights and obligations contrary to the public policy as expressed in Civil Code section 1812.80.

47.  DEFENDANTS' conduct is unfair because the HSMAs, and the unlawful provisions therein, result in financial hardship, false or misleading advertising, and onerous contract terms by which PLAINTIFF and the Class Members have been injured.

48.  As alleged hereinabove, DEFENDANTS have inequitably and unlawfully conspired, agreed, arranged and combined to violate California laws.

49.  As a direct and proximate result of the unfair, unlawful, and/or fraudulent business practices alleged herein, PLAINTIFF and the Class Members have had money wrongfully collected from them under the terms of illegal contracts, all to their detriment and all to DEFENDANTS' illegal economic advantage.  Plaintiff and the Class Members have suffered injury in fact and have lost money.

50.  PLAINTIFF and the Class Members are entitled to restitution of money wrongfully collected from them under the terms of illegal contracts and to attorneys' fees and costs of litigation under Business and Professions Code sections 17200, *et seq*.

51.  The Class Members are entitled to the equitable relief sought herein, that is, to an order requiring DEFENDANTS to bring their HSMAs into compliance with California law.

52.  In addition, PLAINTIFF and the Class Members have no adequate remedy at law for their irreparable injuries. Unless equitable relief is granted, members of the Class will continue to be subjected to DEFENDANTS' illegal conduct. Pursuant to Business and Professions Code sections 17203 and 17204, PLAINTIFF and the Class Member seek a permanent injunction enjoining DEFENDANTS continuing violations of California's Unfair Competition Law on the grounds that such acts described herein violate section 17200 of the Business and Professions Code and California's public

ARTIANO SHINOFF

policy.

WHEREFORE, PLAINTIFF and the Class pray for judgment as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF on behalf of himself and the Class Members he seeks to represent in this action request the following relief:

**ON THE FIRST CAUSE OF ACTION**

1. That the Court determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure;

2. For an order rescinding all of DEFENDANTS unlawful HSMAs;

3. For an order restoring all money wrongfully obtained and maintained by DEFENDANTS from the Class;

4. For treble damages pursuant to Civil Code section 1812.94;

5. For an order declaring DEFENDANTS' HSMAs to be in violation of the Contracts for Health Studio Services Act;

6. For interest according to law;

7. For costs of prosecuting this action, together with interest and reasonable attorneys' and experts' fees; and

8. For such other relief as this Court may deem just and proper under the circumstances.

**ON THE SECOND CAUSE OF ACTION**

1. For an injunction prohibiting DEFENDANTS from enforcing or entering into HSMAs that contain the unconscionable provisions, as described herein;

2. For costs of prosecuting this action, together with interest and reasonable attorneys' and experts' fees; and

3. For such other relief as this Court may deem just and proper under the circumstances.

/ / /

/ / /

**ON THE THIRD CAUSE OF ACTION**

1. For an order declaring DEFENDANTS' conduct to be unfair, unlawful, and/or deceptive business practices, as described herein;

2. For an injunction prohibiting DEFENDANTS from enforcing or entering into HSMAs that contain the unfair, unlawful, and/or deceptive business practices, as described herein;

3. For disgorgement by DEFENDANTS and restitution of the value of any profits earned by their unfair, unlawful, and/or deceptive business practices, as described herein;

4. For costs of prosecuting this action, together with interest and reasonable attorneys' and experts' fees; and

5. For such other relief as this Court may deem just and proper under the circumstances.

Dated: May 11, 2018                ARTIANO SHINOFF

By: s/ Daniel R. Shinoff
Attorneys for Plaintiff
Daniel R. Shinoff, Esq.
Email: dshinoff@as7law.com
Amir Azimzadeh, Esq.
Email: aazimzadeh@as7law.com

Dated: May 11, 2018                LAW OFFICES OF SHELDON A. OSTROFF

By: s/ Sheldon A. Ostroff
Attorneys for Plaintiff
Sheldon A. Ostroff, Esq.
sostrofflaw@gmail.com