UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB MCKEAN, individually, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ABC FINANCIAL SERVICES, INC., a Arkansas Corporation; THE ARENA MARTIAL ARTS, a business entity form unknown,<br><br>    Defendants. | No. 3:18-cv-00923-WQH-RBB<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss filed by Defendant ABC Financial Services, Inc. (ECF No. 10).

**I.    Background**

On May 11, 2018, Plaintiff initiated an action against Defendants in this Court by filing a Complaint. (ECF No. 1). On June 13, 2018, Defendant ABC Financial Services, Inc. filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim. (ECF No. 10). On July 9, 2018, Plaintiff filed an Opposition. (ECF No. 15). On July 16, 2018, Defendant filed a Reply. (ECF No. 16).

**II.    Allegations of the Complaint**

On July 7, 2015, Plaintiff signed a twenty-four month membership contract ("the Membership Agreement") with Defendant The Arena Martial Arts ("Arena"),

a training and fitness gym in San Diego.[1]  The Membership Agreement provided that beginning on August 7, 2015, Plaintiff would be required to make monthly payments of $99 until August 7, 2017.  Per the terms of the Membership Agreement, payments were to be made directly to Defendant ABC Financial Services, Inc. ("ABC Financial"), identified in the Membership Agreement as Arena's "billing company".  (ECF No. 10-3 at 2).  At the end of the initial twenty-four months, the contract "automatically roll[ed] over" into an "open-ended/month-to-month" membership.  (ECF No. 1 at 5).  In order to cancel the month-to-month membership, the Membership Agreement required Plaintiff to pay a $50.00 cancellation fee, and provide ABC Financial thirty days written notice by certified mail.  Plaintiff made twenty-four monthly payments, and in September 2017 Plaintiff was "informed" by Defendant ABC Financial that his membership "had been automatically renewed into a month-to-month membership."  *Id.*  In September 2017, Plaintiff "disput[ed] the legality of the [Membership Agreement]", and was subsequently charged the $99 monthly membership fee and a late fee.  *Id.*

Plaintiff alleges that the Membership Agreement contained "unconscionable provision[s]" and was a void and unenforceable contract under California law.  (ECF No. 1 at 10).  Plaintiff, individually and as representative of a putative class, alleges causes of action against both Defendants for: (1) unlawful contract in violation of California's Contracts for Health Studio Services Law ("HSSL"), California Civil Code § 1812.80, *et seq.*; (2) inclusion of "unconscionable" contractual provisions in violation of the California Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750, *et seq.*; (3) and violations of California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200, *et seq.*  Plaintiff seeks damages, interest, equitable relief, and reasonable expert and attorneys' fees.

---

[1] All of Plaintiff's claims arise out of the text of the Membership Agreement.  For the purpose of considering Defendant's 12(b)(6) Motion, the Court considers the authenticated copy of the Membership Agreement attached to Defendant's 12(b)(6) Motion to have been incorporated by reference into the Complaint.  (ECF No. 10-3 at 2–3). *See Knievel*, 393 F.3d at 1076.

### III. 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."

*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations and citation omitted).

In ruling on a 12(b)(6) motion, the Court is limited to the facts alleged in the complaint and may not consider extrinsic evidence. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). An exception exists, however, permitting the Court to consider documents outside the pleadings "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Under the "incorporation by reference" doctrine, "a court may look beyond the pleadings without converting the Rule 12(b)(6) motion into one for summary judgment." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Specifically, courts may take into account "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (alteration in original) (internal citation and quotation marks omitted). A court "may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908.

**IV. Discussion**

Defendant ABC Financial moves to dismiss all three of Plaintiff's causes of action under Rule 12(b)(6) for failing to state a claim against ABC Financial.

**a. Plaintiff's HSSL Claims**

Defendant contends that Plaintiff has not stated a claim under the HSSL because ABC Financial was not a signatory to the Membership Agreement, and is not liable for any violations of the law found in the Membership Agreement. Defendant asserts that ABC Financial's role "was limited to payment processing services" on behalf of The Arena, and that no contract existed between Plaintiff and ABC Financial. (ECF No. 16 at 3). Plaintiff asserts that Defendant ABC was a

4

party to the Membership Agreement regardless of whether ABC Financial signed the document because the Membership Agreement identified ABC Financial by name, "contain[ed] ABC Financial's logo[,] and the prolix 'Terms and Conditions' . . . applie[d] to all three parties." (ECF No. 15 at 5). Plaintiff further contends that irrespective of whether ABC Financial was a party to the contract, ABC Financial is liable to Plaintiff for aiding and abetting the alleged HSSL violations.

The HSSL governs contracts "for health studio services," defined by the statute as "contract[s] for instruction, training or assistance in physical culture, body building, exercising, reducing, figure development, or any other such physical skill, or for the use by an individual patron of the facilities of a health studio, gymnasium or other facility used for any of the above purposes . . . ." Cal. Civ. Code § 1812.81. The HSSL prescribes contract cancellation procedures, font size requirements, and mandatory rescission periods for health studio contracts. § 1812.84–5. Health studio services contracts in violation of the HSSL are void and unenforceable as contrary to public policy. § 1812.91.

Courts have held that liability can be imposed on non-parties to a contract for aiding and abetting violations of Title 2.4 of the California Civil Code, a statute analogous to the HSSL governing consumer contracts for "dance studio lessons and other services." Cal. Civ. Code § 1812.50, *et seq.* (hereafter "the Dance Act"); *see People v. Arthur Murray, Inc.*, 47 Cal. Rptr. 700 (Cal. Dist. Ct. App. 1965). In *Arthur Murray*, the court held a non-party to a contract liable for Dance Act violations. The court relied upon findings that defendant Arthur Murray Inc., a corporation based in New York that licensed its name to individual dance studios, "admitted knowledge of the violations of California law committed by its licensees," and had a "method of doing business [that was] calculated to aid and abet the violations . . . committed by the dance studios[.]" *Id.* at 705–06. Specifically, the court cited evidence that Arthur Murray, Inc., "set up studios in California, gave them financial assistance, provided national advertising and publicity, supplied

5

dance instruction procedures," "fixed hourly rates, established a system of student refunds, set up a system of behavior," "inspected books and directed the type of booking to be employed, approved any independent authorizing of the operators," "and generally retained tight control on the studio's operations." *Id.* at 706. The court held that liability could be imposed on Arthur Murray, Inc. for "aid[ing] and encourag[ing] the widespread and acknowledged violations committed in the dance studios licensed by it[.]" even if no agency relationship existed between Arthur Murray, Inc. and the individual dance studios. *Id.*

In this case, Defendant ABC Financial is not a signatory to the Membership Agreement. A non-signatory entity acting as a payment processor does not enter into a contractual relationship with a payor solely by being named the payee in a contract. *See, e.g.*, *Conder v. Home Sav. of Am.*, 680 F. Supp. 2d 1168, 1174 (C.D. Cal. 2010) (loan servicer's service of a loan pursuant to a contract with the lender did not create contractual privity with the borrower); *Grant v. Seterus, Inc.*, 2016 WL 10988678 (C.D. Cal. Dec. 9, 2016) (same). Further, there is no agreement between Defendant ABC Financial and Plaintiff to provide health studio services as defined by the HSSL. *See* Cal. Civ. Code § 1812.81. Plaintiff has not alleged facts sufficient to plausibly establish the existence of a contract between Plaintiff and Defendant ABC Financial. *See* Cal. Civ. Code § 1550 (The essential elements of a contract are: "(1) parties capable of contracting; (2) their consent; (3) a lawful object, and; (4) a sufficient cause or consideration.").

The Complaint alleges:

> Defendants have knowingly provided substantial assistance or encouragement to one another, among others, with the specific intent of aiding, abetting, and facilitating a pattern of unlawful conduct in violation of California's Contracts for Health Studio Services Law.

(ECF No. 1 at 8). In order to plead a plausible claim against Defendant ABC Financial under an aiding and abetting theory, Plaintiff must plead facts sufficient

to infer that ABC Financial (i) knew The Arena's conduct was unlawful,[2] and (2) provided substantial assistance or encouragement to The Arena's unlawful activities.[3] *See Fiol v. Doellstedt*, 58 Cal. Rptr. 2d 308, 312 (Cal. Ct. App. 1996) ("Liability may . . . be imposed on one who aids and abets . . . if the person knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act . . . .") (citation omitted); *see also Schulz v. Neovi Data Corp.*, 60 Cal. Rptr. 3d 810, 817 (Cal. Ct. App. 2007) (plaintiff alleging payment processor aided and abetted unlawful conduct required to show payment processor had knowledge of client's unlawful activity and provided substantial assistance or encouragement).

In this case, Plaintiff has failed to allege facts to show that Defendant ABC Financial's role in the alleged unlawful activity extended beyond that of a passive payment processor for Defendant The Arena and into "substantial assistance or encouragement." Unlike the "tight control" and extensive day-to-day involvement Arthur Murray Inc. exercised in the operations of the licensee dance studios, Plaintiff alleges no facts in the Complaint to support the inference that Defendant ABC Financial exercised control over Defendant The Arena or the terms of the allegedly unlawful Membership Agreement. *See Arthur Murray*, 47 Cal. Rptr. at 706; *see also People v. Toomey*, 203 Cal. Rptr. 642, 651 (Cal. Ct. App. 1984) (finding that defendant aided and abetted a business's unlawful conduct because he "orchestrated all aspects of" and "had unbridled control over the practices which were found [to be unlawful].").

---

[2] Among other allegations, Plaintiff alleges that the Membership Agreement violated the HSSL when it: (1) "did not include a statement printed in a size at least 14-point type . . . disclos[ing] the initial or minimum length of the term of the contract" (ECF No. 1 at 5); and (2) "d[id] not permit cancellation by the buyer in person, via email . . .or via first-class mail." (ECF No. 1 at 9). For the purposes of this Order, the Court assumes without deciding that the allegations as they are pled are sufficient against Defendant The Arena to infer unlawful conduct.

[3] The common law definition of civil tort aiding and abetting liability also provides that a plaintiff can show that a defendant "gave substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person." *Fiol*, 58 Cal. Rptr. 2d at 312. Plaintiff has not plausibly shown that Plaintiff had a contractual relationship with ABC Financial, or that ABC Financial's own conduct, considered apart from The Arena's Membership Agreement, was unlawful.

The Court finds that Plaintiff has failed to allege sufficient facts to establish a plausible claim against Defendant ABC Financial for violations of the Health Studio Services Law. Defendant ABC Financial's motion to dismiss Plaintiff's first cause of action is granted.

### b. Plaintiff's CLRA and UCL Claims

Plaintiff's second cause of action alleges the inclusion "of an unconscionable provision" in the Membership Agreement, in violation of the CLRA. Cal Civ Code § 1750, *et seq*.; (ECF No. 1 at 10). Plaintiff's third cause of action alleges Defendant ABC Financial engaged in "illegal, deceptive and unfair business practices" in violation of the UCL. Cal. Bus. & Prof Code § 17200, *et seq*.; (ECF No. 1 at 11).

Plaintiff's second and third causes of action arise out of the same allegedly unlawful terms and theories of liability as the first cause of action. For the reasons discussed in the preceding section, Plaintiff has failed to allege sufficient facts to establish a plausible theory of liability for Plaintiff's CLRA and UCL claims. Defendant ABC Financial's motion to dismiss Plaintiff's second and third causes of action is granted.

### V. Conclusion

IT IS HEREBY ORDERED that the motion to dismiss (ECF No. 10) is GRANTED. Plaintiff's first, second, and third claims are dismissed without prejudice. No later than twenty (20) days from the date this Order is filed, Plaintiff may request leave to amend pursuant to Local Civil Rules 7.1 and 15.1(c).

Dated: October 24, 2018

*/s/ William Q. Hayes*
Hon. William Q. Hayes
United States District Court

8

3:18-cv-0923-WQH-RBB