# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB MCKEAN, individually, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ABC FINANCIAL SERVICES, INC., an Arkansas Corporation; THE ARENA MARTIAL ARTS, a business entity form unknown,<br><br>Defendants. | No. 3:18-cv-00923-WQH-RBB<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is Plaintiff's Motion for an Order Granting Plaintiff Leave to File First Amended Complaint (ECF No. 27).

**I. Background**

On October 25, 2018, the Court granted the motion to dismiss filed by Defendant ABC Financial Services, Inc. (ECF No. 26). On November 13, 2018, Plaintiff filed a Motion for an Order Granting Plaintiff Leave to File First Amended Complaint (ECF No. 27). On December 3, 2018, Defendant[1] filed Opposition. (ECF No. 28). On December 4, 2018, Plaintiff filed an Ex Parte Application for a continuance and an order granting Plaintiff's request that the redacted/redlined

---

[1] On August 21, 2018 A Clerk's Default was entered against Defendant The Arena Martial Arts. (ECF No. 21). All references to defendant in this Order refer to Defendant ABC Financial Services, Inc.

1

Proposed FAC attached to the December 4, 2018 Ex Parte Application be filed *nunc pro tunc*, as of November 13, 2018. (ECF No. 29). On December 5, 2018, Defendant filed Opposition to the Ex Parte Application. (ECF No. 30). On December 6, 2018, the Court granted in part and denied in part Plaintiff's December 4, 2018 Ex Parte Application, ordering that Plaintiff's redlined copy of the FAC be filed *nunc pro tunc* as of November 13, 2018 and denying Plaintiff's request for a continuance. (ECF No. 31).

## I. Legal Standard

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

## II. Decision of the Court

Defendant's sole contention in opposition to Plaintiff's Motion is that Plaintiff failed to comply with Local Rule 15.1(c) when Plaintiff did not attach a redlined copy of the proposed FAC to Plaintiff's Motion. (ECF No. 28 at 1) ("[Plaintiff's] motion is defective because it fails to comply with Judge Hayes's October 25, 2018 Order and Local Rule 15.1(c)."). Defendant indicated that if Plaintiff is permitted to file the FAC, Defendant "will address all substantive defects in this proposed first amended complaint in a motion to dismiss." *Id.* at 2. On December 6, 2018, the Court Ordered that Plaintiff's redlined copy of the FAC be filed *nunc pro tunc* as of November 13, 2018, ECF No. 31, remedying Plaintiff's violation of Local Rule 15.1(c). The Court finds that Defendant has failed to show Defendant would suffer prejudice if Plaintiff's Motion were granted, and the Court finds that there has been no showing that any of the remaining *Foman* factors warrants deviating from the "presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

Plaintiff's Motion for an Order Granting Plaintiff Leave to File First Amended Complaint (ECF No. 27) is GRANTED. Plaintiff may file the proposed First Amended Class Action Complaint (ECF No. 27-3) on or before January 2, 2019.

Dated: December 18, 2018

Hon. William Q. Hayes
United States District Court