**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACOB MCKEAN, individually, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>ABC FINANCIAL SERVICES, INC., an Arkansas Corporation; THE ARENA MARTIAL ARTS, a business entity form unknown,<br><br>  Defendants. | No. 3:18-cv-00923-WQH-RBB<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is Plaintiff's Motion for an Order Granting Plaintiff Leave to File Second Amended Complaint (ECF No. 39-1).

**I. Background**

On May 7, 2019, the Court granted the Motion to Dismiss filed by Defendant ABC Financial Services, Inc. (ECF No. 38). On May 28, 2019, Plaintiff filed a Motion for an Order Granting Plaintiff Leave to File Second Amended Complaint (ECF No. 39). On June 18, 2019, Defendant[1] filed a Notice of Non-Opposition.

---

[1] On August 21, 2018, a Clerk's Default was entered against Defendant The Arena Martial Arts. (ECF No. 21). All references to defendant in this Order refer to Defendant ABC Financial Services, Inc.

(ECF No. 40).

## I. Legal Standard

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

## II. Decision of the Court

Defendant does not oppose Plaintiff's Motion for an Order Granting Plaintiff Leave to File Second Amended Complaint. The Court finds that there has been no showing that any of the *Foman* factors warrants deviating from the "presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

Plaintiff's Motion for an Order Granting Plaintiff Leave to File Second Amended Complaint (ECF No. 39-1) is GRANTED. Plaintiff may file the proposed

Second Amended Class Action Complaint (ECF No. 39-4) within fourteen (14) days of the entry of this Order.

Dated: July 3, 2019

*William Q. Hayes* (signature)
Hon. William Q. Hayes
United States District Court