UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB MCKEAN, individually, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br><br>v.<br><br>ABC FINANCIAL SERVICES, INC., a Arkansas Corporation; THE ARENA MARTIAL ARTS, a business entity form unknown,<br><br>                             Defendants. | Case No.: 18-cv-923-WQH-RBB<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the Motion to Dismiss Plaintiff's Second Amended Complaint filed by Defendant ABC Financial Services, Inc. (ECF No. 43).

**I.    BACKGROUND**

**A. <u>Procedural History</u>**

    On May 11, 2018, Plaintiff initiated this action by filing a Complaint against Defendants ABC Financial Services, Inc. ("ABC Financial") and The Arena Martial Arts ("The Arena"). (ECF No. 1). On October 25, 2018, the Court dismissed the claims against ABC Financial. (ECF No. 26). The Court found:

> In this case, Defendant ABC Financial is not a signatory to the Membership Agreement. A non-signatory entity acting as a payment processor does not enter into a contractual relationship with a payor solely by being named the payee in a contract. *See, e.g.*, *Conder v. Home Sav. of Am.*, 680 F. Supp. 2d 1168, 1174 (C.D. Cal. 2010) (loan servicer's service of a loan pursuant to a contract with the lender did not create contractual privity with the borrower);

1

*Grant v. Seterus, Inc.*, 2016 WL 10988678 (C.D. Cal. Dec. 9, 2016) (same). Further, there is no agreement between Defendant ABC Financial and Plaintiff to provide health studio services as defined by the HSSL. *See* Cal. Civ. Code § 1812.81. Plaintiff has not alleged facts sufficient to plausibly establish the existence of a contract between Plaintiff and Defendant ABC Financial. . . .

In order to plead a plausible claim against Defendant ABC Financial under an aiding and abetting theory, Plaintiff must plead facts sufficient to infer that ABC Financial (i) knew The Arena's conduct was unlawful, and (2) provided substantial assistance or encouragement to The Arena's unlawful activities. . . . In this case, Plaintiff has failed to allege facts to show that Defendant ABC Financial's role in the alleged unlawful activity extended beyond that of a passive payment processor for Defendant The Arena and into "substantial assistance or encouragement." Unlike the "tight control" and extensive day-to-day involvement Arthur Murray Inc. exercised in the operations of the licensee dance studios, Plaintiff alleges no facts in the Complaint to support the inference that Defendant ABC Financial exercised control over Defendant The Arena or the terms of the allegedly unlawful Membership Agreement. . . .

*Id.* at 6-7.

On December 24, 2018, Plaintiff filed the First Amended Class Action Complaint ("FAC"). (ECF No. 33). On May 7, 2019, the Court again dismissed the claims against ABC Financial. (ECF No. 38). The Court found:

ABC Financial may be liable for violations of the HSSL under an aiding and abetting theory if it knew The Arena's conduct was unlawful and provided substantial assistance or encouragement to The Arena's unlawful activities. . . . Plaintiff alleges that ABC Financial drafted the Membership Agreement, but the Court finds that the remainder of Plaintiff's allegations are conclusory. Plaintiff has not alleged sufficient facts to support a theory of aiding and abetting liability against ABC Financial. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). . . .

Moreover, even if Plaintiff had adequately alleged a theory of agency or aiding and abetting liability, to recover damages under the HSSL Plaintiff must be able to demonstrate that the statutory violation caused his injury. *See* § 1812.94. . . .Under the terms of the contract, Plaintiff could have provided notice thirty days before 8/7/17 and paid the $50 cancellation fee to avoid a

> rollover to a month-to-month contract after 8/7/17. (ECF No. 10-3 at 3). Plaintiff has not plausibly alleged that the Membership Agreement violated section 1812.84(a) because it "contain[s] payment and/or financing conditions that exceed the term of the contract." . . . Plaintiff has not plausibly alleged that the Membership Agreement violates section 1812.84(b) by failing to disclose the initial or minimum length of the term of the contract in a size 14 font. Plaintiff did not attempt to cancel the Membership Agreement in the first thirty days. Consequently, Plaintiff has not established that the Membership Agreement's failure to provide a thirty-day cancellation period caused Plaintiff to suffer any injury.
>
> The Court finds that Plaintiff has not plausibly alleged that any of the injuries Plaintiff has suffered—the $50 cancellation fee, $99 membership fee, late fee, and injury to his credit—were caused by any of the violations of the HSSL Plaintiff has plausibly alleged. Consequently, Plaintiff has not demonstrated that he has standing to bring a claim for damages under the HSSL.

*Id.* at 9-11. The Court ordered that "[a]ny amended complaint shall address Plaintiff's standing to bring a claim under 28 U.S.C. § 1332 on behalf of 'all current and former Health Studio consumers who entered into a 1) Payment-Processing Agreement with ABC FINANCIAL in connection with a HSMA, 2) HSMA with ARENA and/or ABC FINANCIAL, and/or 3) HSMA drafted by ABC FINANCIAL for a Health Studio in California.'" *Id.* at 14.

On July 8, 2019, Plaintiff filed a Second Amended Class Action Complaint ("SAC"). ECF No. 42). On July 22, 2019, ABC Financial Filed a Motion to Dismiss Plaintiff's SAC pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 43). On August 13, 2019, Plaintiff filed a Response in Opposition to Defendants' Motion to Dismiss. (ECF No. 45). On August 19, 2019, Defendants filed a Reply. (ECF No. 46).

**B. Allegations in the SAC**

On July 7, 2015,[1] Plaintiff signed a twenty-four month membership contract (the

---

[1] Plaintiff alleges in the SAC that the Membership Agreement was signed on July 6, 2015. (ECF No. 42 ¶ 13). The text of the Membership Agreement is dated July 7, 2015. (ECF No. 43-3 at 5).

"Membership Agreement")[2] with Defendant The Arena, a training and fitness gym in San Diego. Plaintiff alleges that Defendant ABC Financial drafted the Membership Agreement. (ECF No. 42 ¶ 13). The Membership Agreement provided that beginning on August 7, 2015, Plaintiff would be required to make monthly payments of $99 until August 7, 2017. *Id.* ¶ 14. Per the terms of the Membership Agreement, payments were to be made directly to ABC Financial, identified in the Membership Agreement as The Arena's "billing company." (ECF No. 43-3 at 5). Plaintiff alleges that "[c]ontemporaneous with entering into the [Membership Agreement]" he also entered into a separate written Payment-Processing Agreement "for purposes of effectuating the terms of [the Membership Agreement]."[3] (ECF No. 42 ¶ 13).

Plaintiff alleges that at the end of the initial twenty-four months, the Membership Agreement "automatically roll[ed] over" into an "open-ended/month-to-month" membership. Plaintiff alleges that the Membership Agreement "did not include a statement printed in a size at least 14-point type or presented in an equally legible electronic format that discloses the initial or minimum length of the term of the contract." *Id.* ¶ 15. Plaintiff alleges:

> Specifically, on page 1 of the agreement, the language containing the initial length of the contract violates section 1812.84(b) because the printed words 'expires on' are not in printed font which is 14 points or larger. Nor is the handwritten date of '8/7/17' 14 points or larger, because not all of the characters in the handwritten date [are] at least 0.1944 inches in height (the minimum height for 14-point typeface).

---

[2] All of Plaintiff's claims arise out of the text of the Membership Agreement (ECF No. 43-3 at 5-6). The Court previously took judicial notice of the authenticated copy of the Membership Agreement attached to ABC Financial's first and second Motions to Dismiss.

[3] Plaintiff has not provided a separate "Payment Processing Agreement." The Court has already rejected Plaintiff's contention that ABC Financial was a party to the Membership Agreement. (ECF No. 26 at 6).

*Id.* ¶ 11. In order to cancel the month-to-month membership, the Membership Agreement required Plaintiff to pay a $50.00 cancellation fee and provide ABC Financial thirty days written notice by certified mail. *Id.* ¶ 15-16.

Plaintiff alleges that he made twenty-four monthly payments. In September 2017, Plaintiff was "informed" by ABC Financial that his membership "had automatically renewed into a month-to-month membership" and that to cancel Plaintiff was required to pay a $50.00 cancellation fee and provide thirty days written notice by certified mail. *Id.* ¶ 16. In September 2017, Plaintiff "disput[ed] the legality of the [Membership Agreement]" and was subsequently charged the $99 monthly membership fee and late fee. Defendants then referred the outstanding charges to a debt collection agency, which negatively affected Plaintiff's credit. *Id.* ¶ 17. Plaintiff ultimately remitted the demanded payment. Plaintiff alleges that he paid approximately $396 to Defendants in monthly membership fees "following the expiration" of the Membership Agreement, in addition to the $50 cancellation fee and $5 cost to provide notice of cancellation by certified mail. *Id.* ¶ 35.

Plaintiff alleges that ABC Financial:

> provides comprehensive managerial services and software to the health clubs with which it contracts, including ARENA, by, among other things, 1) recommending/prescribing the nature and frequency of 'personal training' that should be provided to gym members, b) recommending/prescribing the nature and frequency of 'group training' that should be provided to gym members, c) providing training the gym employees in all facets of gym operations including 'personal training,' 'team training,' d) equipment acquisition, e) retail sales of gym gear/attire to club members, f) providing comprehensive integrated software for purposes of managing member billing, employee payroll employee training and work schedules, membership profitability, retail sales profitability, facility usage/attendance, and hours of operation.

*Id.* ¶ 8. Plaintiff alleges that ABC Financial is liable for the content of the Membership Agreement because ABC Financial:

> 1) knew, or should have known the terms of the Health Studio Membership Agreements it drafted and/or provided to ARENA and the Health Studios with which it contracts violate California's Health Studio Services Law ("HSSL"),

5

> California Civil Code sections 1812, et seq.; 2) contracted directly with PLAINTIFF to provide account services and breached its duty to PLAINTIFF by providing substantial assistance to ARENA in accomplishing the tortious acts alleged herein; 3) it is the agent, or special agent, as the case may be, of each Health Studio, including ARENA, to which it provides unbridled management and operational assistance for purposes of implementing and enforcing the policies and practices relating to the billing, payment, cancellation, and collection of client's accounts in violation of the HSSL; 4) provides comprehensive operational methods, including but not limited to, client retention procedures, booking of client services, client billing, client payment, client cancellation and collection methods and policies are calculated to aid and abet the violations committed by the Health Studios it services in violation of HSSL; 5) provides comprehensive operational assistance to ARENA and the Health Studios with which it contracts, which, include but not limited to, client retention procedures, booking of client services, client billing services, client payment services, client cancellation and collection methods and policies that are calculated to aid and abet the violations committed by the Health Studios it services in violation of HSSL.

*Id.* ¶ 9.

Plaintiff, individually, and as representative of a putative class "of all current and former Health Studio consumers who entered into a 1) Payment-Processing Agreement with ABC FINANCIAL in connection with a HSMA, 2) HSMA with ARENA and/or ABC FINANCIAL, and/or 3) HSMA drafted by ABC FINANCIAL for a Health Studio in California[,]" alleges causes of action against both Defendants for unlawful contract in violation of California's Contracts for Health Studio Services Law ("HSSL"), California Civil Code § 1812.80, *et seq.*, and for violations of California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200, *et seq. Id.* ¶ 19.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." In order to state a claim for relief, a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support

6

a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quotation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citation omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

"In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation omitted). If both parties advance plausible alternative explanations, then the "plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)," because "[t]he standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable." *Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011). A complaint "may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *implausible*." *Id.* at 1216 (emphasis in original).

### III. DISCUSSION

#### A. Plaintiff's HSSL Claim

ABC Financial contends that Plaintiff fails to state a claim against ABC Financial under the HSSL because ABC Financial was not a signatory to the Membership Agreement and is not liable for any violations of the law found in the Membership Agreement. ABC

Financial contends that Plaintiff's assertion that ABC Financial is a party to the Membership Agreement has already been rejected by this Court. With respect to aiding and abetting liability, ABC Financial asserts that "Plaintiff's renewed effort to plead theories of aiding and abetting . . . is deficient because all conduct that forms the basis of such allegations remains passive." ABC Financial contends that Plaintiff's new allegations in paragraph 8 of the SAC "are insufficient to show the type of control and domination needed to be permitted to proceed with an aiding and abetting case." ABC Financial contends that Plaintiff's reliance on agency theory fails because Plaintiff does not allege ABC Financial committed an independent wrongful act or facts showing ABC Financial's conduct was a substantial factor in causing Plaintiff harm. (ECF No. 43-1 at 5-6).

Plaintiff contends that he has pled facts supporting aiding and abetting liability. Plaintiff contends that he has pled facts showing that ABC Financial 1) "drafted and implemented the [Membership Agreement];" 2) "provides comprehensive managerial services and software to Arena, including providing training to Arena employees in all facets of the gym's operations;" and 3) "integrated its services with Arena through use of computer software, including day-to-day management of all operations." (ECF No. 45 at 4). Plaintiff contends that "ABC has completely integrated its services with that of Arena through computerized transactions and procedures . . . . [E]very single monetary transaction at Arena occurs through direct management software provided by ABC." *Id.* at 13. Plaintiff contends that he has pled facts showing that the font size in the Membership Agreement does not meet the typeface requirement. *Id.* at 4. Plaintiff contends that he has standing to sue because he paid approximately $396 for an unwanted gym membership, paid "an illegal $50 cancellation fee," and damaged his credit upon refusal to pay the cancellation fee. *Id.* at 5.

The HSSL governs contracts "for health studio services," defined by the statute as "contract[s] for instruction, training or assistance in physical culture, body building, exercising, reducing, figure development, or any other such physical skill, or for the use by an individual patron of the facilities of a health studio, gymnasium or other facility used

8

for any of the above purposes . . . ." Cal. Civ. Code § 1812.81. Section 1812.84 governs term limitations, disclosure requirements and cancellation procedures:

> (a) A contract for health studio services may not require payments or financing by the buyer to exceed the term of the contract, nor may the term of the contract exceed three years. This subdivision does not apply to a member's obligation to pay valid, outstanding moneys due under the contract, including moneys to be paid pursuant to a termination notice period in the contract in which the termination notice period does not exceed 30 days.
>
> (b) A contract for health studio services shall include a statement printed in a size at least 14-point type or presented in an equally legible electronic format that discloses the initial or minimum length of the term of the contract. This statement shall be placed above the space reserved for the signature of the buyer.
>
> (c) At any time a cancellation is authorized by this title, a contract for health studio services may be canceled by the buyer in person, via email from an email address on file with the health studio, or via first-class mail.

Section 1812.85 governs early cancellation:

> (2) If a contract for health studio services requires payment of two thousand one dollars ($2,001) to two thousand five hundred dollars ($2,500), inclusive, including initiation fees or initial membership fees, by the person receiving the services or the use of the facility, the person shall have the right to cancel the contract within 30 days after the contract is executed.

Cal. Civ. Code § 1812.85(d)(2). Health studio services contracts that violate the HSSL are void and unenforceable as contrary to public policy. Cal. Civ. Code § 1812.91. The HSSL provides that "[a]ny buyer injured by a violation of this title may bring an action for the recovery of damages." Cal. Civ. Code § 1812.94.

Courts have held that liability can be imposed on non-parties to a contract for aiding and abetting violations of Title 2.4 of the California Civil Code, a statute analogous to the HSSL governing consumer contracts for "dance studio lessons and other services." Cal. Civ. Code § 1812.50, *et seq.* (the "Dance Act"); *see People v. Arthur Murray, Inc.*, 47 Cal. Rptr. 700 (Ct. App. 1965). In *Arthur Murray*, the court held that a non-party to a contract was liable for Dance Act violations. The court relied upon findings that defendant Arthur

Murray Inc., a corporation based in New York that licensed its name to individual dance studios, "admitted knowledge of the violations of California law committed by its licensees," and had a "method of doing business [that was] calculated to aid and abet the violations . . . committed by the dance studios[.]" *Id.* at 705-06. Specifically, the court cited evidence that Arthur Murray, Inc., "set up studios in California, gave them financial assistance, provided national advertising and publicity, supplied dance instruction procedures," "fixed hourly rates, established a system of student refunds, set up a system of behavior," "inspected books and directed the type of booking to be employed, approved any independent authorizing of the operators," "and generally retained tight control on the studio's operations." *Id.* at 706. The court held that liability could be imposed on Arthur Murray, Inc. for "aid[ing] and encourag[ing] the widespread and acknowledged violations committed in the dance studios licensed by it" even if no agency relationship existed between Arthur Murray, Inc. and the individual dance studios. *Id.*

In this case, ABC Financial may be liable for violations of the HSSL under an aiding and abetting theory if it knew The Arena's conduct was unlawful and provided substantial assistance or encouragement to The Arena's unlawful activities. *See Fiol v. Doellstedt*, 58 Cal. Rptr. 2d 308, 312 (Ct. App. 1996) ("Liability may . . . be imposed on one who aids and abets . . . if the person knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act . . . .") (citation omitted); *see also Schulz v. Neovi Data Corp.*, 60 Cal. Rptr. 3d 810, 817 (Ct. App. 2007). In the SAC, Plaintiff re-pleads aiding and abetting allegations from the FAC that the Court already determined are conclusory. *See* ECF No. 38 at 9 (holding that Plaintiff's allegation that ABC Financial drafted the Membership Agreement is the only non-conclusory allegation regarding aiding and abetting liability in the FAC). Plaintiff adds new allegations in the SAC that ABC Financial:

> provides comprehensive managerial services and software to the health clubs with which it contracts, including ARENA, by, among other things, 1) recommending/prescribing the nature and frequency of 'personal training' that should be provided to gym members, b) recommending/prescribing the

> nature and frequency of 'group training' that should be provided to gym members, c) providing training the gym employees in all facets of gym operations including 'personal training,' 'team training,' d) equipment acquisition, e) retail sales of gym gear/attire to club members, f) providing comprehensive integrated software for purposes of managing member billing, employee payroll employee training and work schedules, membership profitability, retail sales profitability, facility usage/attendance, and hours of operation.

(ECF No. 42 ¶ 8). These new factual allegations fail to meet the standard for "substantial assistance or encouragement" under *Arthur Murray*. Plaintiff alleges ABC Financial drafted the Membership Agreement and provided The Arena with software, recommendations, and trainings. This passive conduct falls short of the level of "tight control" that Arthur Murray exercised over its franchisees. 47 Cal. Rptr. at 341.

Moreover, even if Plaintiff adequately alleged a theory of agency or aiding and abetting liability, Plaintiff must be able to demonstrate that the statutory violation caused his injury to recover damages under the HSSL. *See* § 1812.94. Plaintiff alleges he suffered injury when the Membership Agreement automatically renewed and he was charged membership, cancellation, and late fees, as well as having to pay $5 to send the cancellation notice via first class mail. (ECF No. 42 ¶¶ 16-17, 35).

Plaintiff re-pleads allegations the Court has already determined are insufficient. Plaintiff realleges that the Membership Agreement violates section 1812(a) of the HSSL because the Membership Agreement "contain[s] payment and/or financing conditions that exceed the term" of the contract by automatically rolling over to a month-to-month contract. (ECF No. 42 ¶ 11). The Court already determined that "Plaintiff could have provided notice thirty days before 8/7/17 and paid the $50 cancellation fee to avoid a rollover . . . Plaintiff has not plausibly alleged that the Membership Agreement violated section 1812.84(a) . . . ." (ECF No. 38 at 12).

Plaintiff realleges that, "[c]ontrary to Civil Code section 1812.84(b) [the Membership Agreement] do[es] not provide or contain 'a statement printed in a size at least 14-point type or presented in an equally legible electronic format that discloses the initial

or minimum length of the term of the contract.'" (ECF No. 42 ¶ 11). This Court has already held that "[t]he Membership Agreement states with the date written in handwritten text in a size 14-point font or similar, that the agreement 'expires on 8/7/17 . . . .'" (ECF No. 38 at 12).

Plaintiff realleges that the Membership Agreement violates section 1812.85 because it does not provide the requisite cancellation period for a contract exceeding $1,500. (ECF No. 42 ¶ 11). The Court has already held that "Plaintiff did not attempt to cancel the Membership Agreement in the first thirty days. Consequently, Plaintiff has not established that the Membership Agreement's failure to provide a thirty-day cancellation period cause Plaintiff to suffer any injury." (ECF No. 38 at 13).

Plaintiff alleges that the Membership Agreement violates section 1812.84(c) because it does not permit cancellation in person or via email. Plaintiff attempts to correct the deficiencies with pleading causation in the FAC by alleging that he paid approximately $5 to send the cancellation notice via certified mail. (ECF No. 42 ¶ 35). Plaintiff, however, fails allege that he attempted to cancel the Membership Agreement in person or through email. *See* ECF No. 38 at 12. Plaintiff has plausibly alleged that the Membership Agreement violates section 1812.84(c); however, Plaintiff fails to establish that this violation *caused* Plaintiff to suffer damages.

Plaintiff fails to state facts that, taken as true, show that any of the injuries he suffered—the $50 cancellation fee, the $396 in membership fees, the $5 cost of certified mail, the late fee, or the injury to his credit—were caused "by a violation" of the HSSL that Plaintiff has plausibly alleged. Cal. Civ. Code § 1812.94. Plaintiff has not demonstrated that he has standing to bring a claim for damages under the HSSL.

### B. Plaintiff's UCL Claims

Plaintiff's UCL claims are "based on and tethered to" Plaintiff's HSSL claims. ECF No. 45 at 16; *see* FAC, ECF No. 33 ¶ 41; *Blank v. Kirwan*, 39 Cal. 3d 311, 329 (1985). Plaintiff alleges:

> [a]s a direct and proximate result of the unfair, unlawful, and/or fraudulent business practices alleged herein, PLAINTIFF and the Class Members have had money wrongfully collected from them under the terms of illegal contracts, all to their detriment and all to DEFENDANTS' illegal economic advantage. PLAINTIFF and the Class Members have suffered injury in fact and have lost money.

(FAC, ECF No. 33 ¶ 45). As discussed above, Plaintiff has not stated facts from which the Court could infer that ABC Financial is liable for aiding and abetting liability or that Plaintiff's injury was caused by any of the violations of the HSSL plausibly alleged in the SAC.

## IV. CONCLUSION

IT IS HEREBY ORDERED that ABC Financial's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 43) is GRANTED. Plaintiff's Second Amended Complaint is DISMISSED WITHOUT PREJUDICE. No later than thirty days from the date this Order is filed, Plaintiff may request leave to amend pursuant to Local Civil Rules 7.1 and 15.1(c).

Dated: October 31, 2019

*/s/ William Q. Hayes*
Hon. William Q. Hayes
United States District Court